UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP G. DUGGER,<br><br>    Petitioner,<br><br>v.<br><br>K. ALLISON, C.D.C.R. Secretary,<br><br>    Respondent. | Case No.: 1:21-cv-01059-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>[30-DAY OBJECTION DEADLINE] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 8, 2021, Petitioner filed the instant habeas petition in the United States District Court for the Northern District of California. (Doc. 1.) On June 29, 2021, the case was transferred to the Eastern District and received in this Court. Petitioner challenges a parole suitability determination by the California Board of Parole Hearings. Because the federal court is without jurisdiction to review the substantive due process of a parole suitability determination, the Court will recommend the petition be DISMISSED.

/////

/////

1

I.     Preliminary Screening of the Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

II.    Failure to State a Claim Cognizable Under Federal Habeas Corpus

Petitioner states that he is an inmate of the California Department of Corrections and Rehabilitation at California Correctional Institution in Tehachapi, California, serving a sentence of 25 years to life imposed by the Orange County Superior Court following his 1989 conviction for murder and robbery. (Doc. 1 at 1-2.) Petitioner does not challenge his conviction, and instead challenges a recent decision of the California Board of Parole Hearings ("Board") finding him unsuitable for parole. He claims the Board's decision was arbitrary and capricious, thereby depriving him of his due process rights.

Petitioner's claims concerning the decision of the Board are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011). In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Petitioner does not contend he was denied these procedural due process guarantees. According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 562 U.S. at 220. "'The Constitution,' [the Supreme Court] held, 'does not require more.'" Id., (quoting Greenholtz, 442 U.S. at 16). Therefore, Petitioner's challenges to the

Board's denial of parole fail to present cognizable federal claims for relief, and the petition should be dismissed.

**ORDER**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1) be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 8, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE